MARGARET WENDELL, Respondent, *v.* MICHAEL J. LEO, Appellant.

**Master and servant — injury to employee by falling into elevator shaft — insufficiency of evidence of negligence of master.**

Plaintiff was in the employ of defendant in a building owned and occupied by him as a store. The latch of the elevator door was defective, and if the door was shut with sufficient force and did not catch, it would rebound several inches and would not then, of its own motion, close or open further. On the occasion of the injury to plaintiff, the boy who operated the elevator left it temporarily to discharge other duties, the door being closed within two or three inches. In his absence defendant's manager took the elevator for the purpose of going to another floor. He testified that as he moved away he closed the elevator door, but could not say whether it was latched. Sometime after plaintiff found the elevator door open in the neighborhood of eighteen inches and stepped into the shaft, meeting with severe injuries.

*Held, First.* That the temporary absence of the elevator boy was not the proximate cause of the accident. Between the boy's departure and the accident an entirely independent cause intervened to produce the latter, and it was error to submit to the jury the question whether the defendant was guilty of negligence in permitting the boy temporarily to leave the elevator, as he did on the occasion of the accident.

*Second.* That the evidence did not tend to establish the necessary connection between the defective latch and the open elevator door which caused plaintiff's fall. There is no evidence from which a jury might be permitted to conclude that after the manager closed the door it rebounded and opened eighteen inches as the result of the defective latch. It was error to submit to the jury the question of defendant's negligence on the theory that the evidence permitted a finding that the condition of the latch caused or contributed to the accident.

*Wendell* v. *Leo*, 123 App. Div. 912, reversed.

(Argued March 4, 1909; decided March 16, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 21, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The action was brought to recover damages for injuries caused to the respondent by falling into an elevator well on

the premises of the appellant, in whose employ she was at the time.

Taking that view of the evidence which is most favorable to her, we may regard the following material facts as established :

Appellant was the owner and occupant of a building of several floors used for the purposes of a store. There was an elevator running between the different floors, which, under ordinary circumstances, was operated by a boy. This boy was also accustomed at times temporarily to leave the elevator and distribute parcels throughout the store. The latch of the elevator door was defective, so that at times it would not catch, and if the door was shut with sufficient force and did not catch it would rebound several inches. After it became stationary on such rebound it would not of its own motion, either close or open further. On the occasion in question the elevator boy, having brought the elevator to the lower floor, left it temporarily to distribute some packages, the door being closed within two or three inches. . While he was away the appellant's manager, one Kelling, took the elevator for the purpose of going to another floor. Being called by respondent, he testified that as he moved away he closed the elevator door, but could not say whether it was latched. Some time after the respondent, having occasion in the course of her employment to go to an upper story, approached the elevator and, finding the door open in the neighborhood of eighteen inches, stepped, as she supposed, into the elevator, but owing to its absence fell several feet and was injured.

There was no evidence showing definitely how long a time had elapsed between the taking of the elevator by appellant's manager and the accident of the respondent, although the elevator boy testified that he had left the elevator only a short time before the accident. Neither was there any evidence showing that any person had or had not opened the door after the elevator was taken away by Kelling. The trial judge charged the jury that if the respondent herself pushed the door open she could not recover.

*Maulsby Kimball* for appellant. Plaintiff cannot recover on account of the alleged defect in the.latch. There is no proof that it caused or contributed to the accident. (*Lane* v. *N. Y. C. Co.*, 125 App. Div. 808; *Carney* v. *M. D. Co.*, 191 N. Y. 301; *Rende* v. *N. Y. & T. S. S. Co.*, 187 N. Y. 382; *Starrer* v. *Stern*, 100 App. Div. 393.) Plaintiff cannot sustain her recovery on the ground that the elevator boy had been permitted to leave the elevator to go upon errands and that when he did so he left the door slightly ajar. Such custom was not a negligent one and did not cause or contribute to the accident. (*Burns* v. *O. S. T. & M. Co.*, 188 N. Y. 175; *G. F. P. & C. Co.* v. *T. Ins. Co.*, 162 N. Y. 399; *Cobb* v. *Welsh*, 75 Hun, 283; *Creswell* v. *U. S. & C. Co.*, 115 App. Div. 112; *Favro* v. *T. & W. T. B. Co.*, 4 App. Div. 241; *Geoghan* v. *A. S. S. Co.*, 143 N. Y. 269; *Peet* v. *R. & S. P. & P. Co.*, 86 App. Div. 101; *Filbert* v. *D. H. & G. Co.*, 121 N. Y. 207; *Hussey* v. *Coger*, 112 N. Y. 614; *Burns* v. *N. Y. & W. R. R. Co.*, 113 N. Y. 251.) The plaintiff having called Mr..Kelling as her witness to show the manner in which he operated the door when he took the elevator and having thereby vouched for his credibility is bound by his testimony on this point. (*Hankinson* v. *Vantine*, 152 N. Y. 20; *Haas* v. *Zimmerman*, 39 Misc. Rep. 304; *Hunt* v. *Fish*, 4 Barb. 324; *Tilden* v. *Aiken*, 37 App. Div. 28; *F. B. C. Co.* v. *Hughson*, 158 N. Y. 150; *Kraft* v. *Brandoll*, 61 App. Div. 247; *Pollock* v. *Pollock*, 71 N. Y. 137; *Varick* v. *Jackson*, 2 Wend. 166; *Thompson* v. *Blanka*, 4 N. Y. 309; *Fordham* v. *Smith*, 44 How. Pr. 472; 46 N. Y. 683.)

*W. B. Simson* and *W. H. Helwig* for respondent. The defendant was negligent in allowing the elevator boy to leave the elevator and at such times permit the door to stand open, the defendant knowing it. (*Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557.) The maintaining of a defective latch on this elevator door was an act of negligence on the part of the defendant for which he is liable, an injury having resulted therefrom. (10 Am. &.Eng. Ency. of Law [2d ed.],

961; *C. M. Co.* v. *Rees,* 21 Colo. 435; *Bateman* v. *N. Y. C. & H. R. R. R. Co.,* 178 N. Y. 84; *Griffin* v. *Manice,* 166 N. Y. 188; *Breen* v. *N. Y. C. & H. R. R. R. Co.,* 109 N. Y. 297.)

HISCOCK, J.   While the trial judge did not specifically define to the jury the questions on which they were to pass, apparently he intended to permit them to find the appellant negligent upon one or both of two theories.

The first of these was that the appellant was guilty of negligence in permitting his elevator boy temporarily to leave the elevator as he was accustomed to and as he had done on the occasion of the accident for the purpose of delivering parcels throughout the store.   The second one was predicated on the defective condition of the latch of the elevator door, which, failing to catch, permitted the door if closed with sufficient force to rebound and thus to stand open.

We are entirely unable to see how the temporary absence of the elevator boy became the proximate cause of respondent's accident.   He left the door in a safe condition when he went away, and on respondent's theory it was only placed in an unsafe position by the subsequent use of the elevator by appellant's manager.

The appellant was not bound as against an employee to furnish at all times or at any time a regular attendant to run the elevator, or to prohibit other employees from using it, if competent, and there has been no question of the competency of the manager to operate it.   This being so, the employer was not negligent simply because he imposed on the elevator boy other duties which occasionally took him away from the elevator.   Furthermore, the absence of the boy was not, in any sense, the proximate cause of respondent's accident.   The door through which she fell was left open in the use of the elevator after the boy departed, either because the latch failed to catch, or because the manager carelessly did not close it, or because some other person unwarrantably interfered with it. In either case, the mere absence of the boy did not legally or

proximately become the cause of respondent's accident. If the trouble was with the defective latch, the appellant's liability is entirely independent of the boy's absence or presence, and certainly the latter's absence did not in any legal sense justify the manager in being careless, or another person in interfering with the elevator, if either of these things occurred. It is thus perfectly apparent that between the boy's departure and the accident, some entirely independent cause intervened to produce the latter, and it was error to submit this question to the jury.

We next come to the question of the defective latch. Respondent was entitled to go to the jury on that theory of negligence, provided her evidence permitted the jury to find that the latch did cause or contribute to her accident. We do not think, however, that the evidence as now submitted to us tended to establish the necessary connection between the latch and the open elevator door which caused her fall. The employee under whose operation it is claimed the door was left open was called as a witness by the respondent herself. He testified explicitly and unqualifiedly that he closed the door, but could not tell whether it latched. This witness is the only one who speaks upon this specific point, and having been called by the respondent he must be regarded as credible, although this would not prevent the respondent from showing, if possible, by other testimony that the door did open after he pushed it shut. But having been called by her, his evidence must be accepted as controlling unless there is other evidence from which the jury could find the fact to be otherwise than as testified to by him. The specific question, therefore, arises whether there is any evidence from which a jury might be permitted to conclude that after this witness closed the door as stated by him it rebounded and opened eighteen inches as the result of the defective latch, because the respondent must rely at this point upon the defective latch. If the employee negligently left the door open independent of the latch she cannot recover on any theory now presented to us.

We think there is no evidence which would permit a jury thus to conclude. Some time — it does not appear just how long — after this employee says he closed the door, respondent swears she found it open. While, as stated by the trial judge, there is no evidence to show that some one else had opened it in the meantime, there is, on the contrary, no testimony which so excludes the possibility of such act that the jury could say that its open condition at the later time contradicts the fact testified to by Kelling that he left it closed. Thus, no different versions are permitted about the conditions which followed Kelling's use of the elevator, and the respondent is bound by the latter's testimony. In view of the entire testimony of this witness the further question might arise, even if we were permitted to say that the elevator door stood open eighteen inches in consequence of Kelling's use, whether it would be other than speculative to say that such open condition was due to the defective latch rather than to his failure to shut it or to some other cause, but we refrain from discussing that question as it is not now before us.

Various other objections and exceptions were argued which it is unnecessary to consider in view of our conclusions upon the points discussed.

The judgment appealed from must be reversed, with costs, and a new trial granted.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.